IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CV-110-FL

| | | |
|---|---|---|
| NACCO MATERIALS HANDLING GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| KOLLMORGEN CORPORATION and KOLLMORGEN AB, f/k/a DANAHER MOTION AB, | ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

This matter is before the court on defendants' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), or to compel arbitration.[1] (DE 20). The issues raised have been fully briefed and are ripe for decision. For the reasons stated more specifically herein, defendants' motion to dismiss is denied, and motion to compel is dismissed as moot.

**PROCEDURAL BACKGROUND**

Plaintiff, a manufacturer and designer of materials handling equipment, initiated this suit on June 26, 2014. Plaintiff alleges defendants Kollmorgen AB, a Swedish corporation and, as relevant here, a manufacturer of certain vehicle controllers, along with Kollmorgen Corporation, its American subsidiary, violated the terms of a cost-splitting agreement between the parties arising out

---

[1] Defendants' motion is styled as a "Motion to Dismiss;" however, it does not itself state the rules under which it is brought, nor the grounds for dismissal. However, based on the memorandum in support, the court construes defendants' motion as a motion to dismiss pursuant to Rule 12(b)(6), or, in the alternative in part a motion to compel arbitration.

of defects necessitating repair of a number of defendants' controllers purchased by plaintiff.[2]  In particular, plaintiff complains defendants breached a contract requiring the parties share the cost of repairs, undertaken by plaintiff on defendants' behalf, to improve upon defendants' allegedly defective controllers ("Count I and III");[3] were unjustly enriched as a result of the repairs ("Count II"); are obligated to indemnify plaintiff for its expenditures on the repairs ("Counts IV and V"); and breached warranties associated with the controllers ("Count VI").

Defendants filed the instant motion on September 12, 2014.  In their motion to dismiss, defendants argue first that Counts I and II, as well as any act giving rise to Counts IV and V occurring after July 2007, are barred by the applicable statute of limitations.  In addition, defendants submit Counts I and II, as well as any portion of Count VI occurring after July 2007, are legally insufficient to state a claim under North Carolina law.  Lastly, defendants contend that neither Count II nor Count III is well pleaded.

With respect to defendants' associated motion to compel, therein defendants contend certain transactions giving rise to the complaint require arbitration and request the court compel the same.  Specifically, defendants argue that plaintiff is contractually required to arbitrate all transactions giving rise to Counts IV, V, and VI occurring before, July 2007.

Plaintiff filed a response in opposition on October 27, 2014.  In its response, plaintiff does not contest the dismissal of Counts I, IV, V, and VI.  Rather, plaintiff refutes defendants' arguments

---

[2]Plaintiff does not specify the conduct of the individual defendants.  Instead, plaintiff refers to both defendants as one entity, "Kollmorgen," throughout the complaint.  As a result, the court's order refers only to "defendants" generally.

[3]Specifically, plaintiff alleges defendants breached two separate agreements.  First, plaintiff alleges defendant agreed to compensate plaintiffs for certain repairs in an amount "to be later determined." (Compl. ¶18).  Thereafter, plaintiff alleges the parties reached an agreement on the amount owed by defendants, and such amount was agreed to by defendants.  (Id. ¶¶22-23).

2

in favor of dismissing Counts II and III. In particular, plaintiff argues both Counts II and III are well pleaded, and, in addition, Count II is not time barred.

**FACTUAL BACKGROUND**

From 2003 until 2011 plaintiff purchased certain vehicle controllers from defendants. (Compl. ¶¶12-13). In particular, between 2006 and 2008 plaintiffs purchased several Kollmorgen Vehicle Master Controllers for use in industrial trucks. (Id. ¶12). Between 2003 and 2011 plaintiff purchased a number of Kollmorgen Traction Motor Controllers, also for use in industrial trucks. (Id. ¶13). As pertinent here, both the Vehicle Master and Traction Motor Controllers contained software created and installed by defendants. (Id. ¶14). Ultimately, plaintiff installed one or both of defendants' products on more than 17,000 industrial trucks. (Id. ¶15).

In 2011, defendants' software imbedded in the controllers began to malfunction. (Id.). As a result, plaintiff and defendants agreed that plaintiff would undertake a "Field Product Improvement campaign," ("FPI campaign" or "campaign"), during which the malfunctioning software would be updated with new software to be developed and supplied by defendants. (Id. ¶¶16-17). The cost of the FPI campaign was to be shared by the parties in amounts that were to be determined at a later date. (Id. ¶18). As a result of this agreement, defendants supplied the updated software. (Id. ¶19).

In July 2011, prior to the inception of the campaign, plaintiff provided defendants with the FPI campaign's estimated cost, a total of $1,563,740.00, which defendants "acknowledged as reasonable." (Id. ¶20). At this time, the parties had no agreement regarding cost sharing. (Id. ¶22). However, later in 2011, the parties resolved the cost-splitting issue, and in 2012, entered into an agreement, via email, which required defendants pay $750,000.00 of the costs associated with the campaign in exchange for release from liability. (Id. ¶¶22-23). Thereafter, plaintiff undertook the

3

FPI campaign, as contemplated by the parties' agreement. (Id. ¶24). However, defendants have not paid the $750,000.00 agreed upon. (Id.).

## DISCUSSION

### A.     Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999).  A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

Furthermore, the complaint need not set forth "detailed factual allegations," but instead must simply "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679). In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Id. at 255 (citations omitted).

4

**B.	Analysis**

    **1.	Counts I, IV, V, and VI.**

As noted previously, plaintiff does not contest dismissal of Counts I, IV, V, and VI. The court construes plaintiff's consent to dismissal as a notice of voluntary dismissal under Federal Rule of Civil Procedure 41.[4] Accordingly, defendants' motion to dismiss is moot with respect to Counts I, IV, V, and VI. In addition, defendants' motion to compel arbitration also is moot, because it relates only to Counts IV, V, and VI.

    **2.	Count II - Unjust Enrichment.**

Turning to defendants' motion to dismiss Count II for failure to state a claim, defendants first argue plaintiff's claim is legally insufficient under the applicable pleading standard, as the complaint does not allege plaintiff conferred a measurable benefit on defendants. Defendants next contend plaintiff did not confer on them directly a benefit, as required by North Carolina law.

Under North Carolina law, an unjust enrichment claim requires: (1) a measurable benefit conferred on defendant, (2) consciously accepted, and (3) not conferred officiously or gratuitously. Booe v. Shadrick, 322 N.C. 567, 570 (1988). The complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," Iqbal, 556 U.S. at 678 (internal citations and quotations omitted), and raises the "right to relieve above the speculative level." Twombly, 550 U.S. at 555. In particular, the facts alleged suggest defendants received a

---

[4]Rule 41 (a)(1)(A) provides plaintiff may voluntarily dismiss an action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A). Although defendants filed the instant motion to dismiss, the key inquiry is whether defendants have answered. Wilson-Cook Med., Inc. v. Wilson, 942 F.2d 247, 251 (4th Cir. 1991). Defendants have not. In addition, although Rule 41 refers to dismissal of an "action," partial dismissals are allowed under the Rule. See, e.g., Leverette v. Bell, 247 F.3d 160, 164 (4th Cir. 2001) (noting voluntary dismissal of one claim with second claim remaining pending); Melvin v. Soc. Sec. Admin., No. 5:09-CV-235-FL, 2010 WL 3984607, at *2 (E.D.N.C. Oct. 8, 2010); Grier v. Titan Corp, 25 F. Supp. 2d 719, 720 (E.D. Va. 1998) ("Prior to trial, some claims were disposed of by way of voluntary dismissals and partial summary judgment.").

measurable benefit where they were not required to pay for the labor associated with the FPI campaign, because, to date, plaintiff has covered all labor costs. In addition, the facts alleged suggest defendants conscious acceptance due to their alleged awareness of plaintiff's undertaking, coupled with defendant's provision of the updated software. Finally, the complaint does not allege any evidence showing defendant ever told plaintiff to discontinue the campaign, or plaintiff intended to undertake the campaign free of charge.

Defendants also contend plaintiff's unjust enrichment claim fails under North Carolina law, because North Carolina requires the benefit be conferred on defendant directly, and here plaintiff has not so alleged. However, the facts viewed in the light most favorable to plaintiff suggest it conferred a direct benefit on defendants, where plaintiff paid the cost of the FPI campaign. The benefit did not accrue to defendants through a third party, but rather accrued to defendants directly through plaintiff's payment of defendant's alleged obligation. See Britt v. Britt, 320 N.C. 573, 577-78 (1987) (noting mortgage payments made by plaintiff on defendant's behalf may constitute unjust enrichment), abrogated on other grounds by Myers & Chapman, Inc. v. Thomas G. Evans, Inc., 323 N.C. 559 (1988)

Defendants next challenge Count II's timeliness. Defendants' assert the affirmative defense of statute of limitations and contend the complaint is time-barred. In particular, defendants argue plaintiff failed to allege a date on which the putative unjust enrichment occurred within the limitations period. Plaintiff alleges only that the events occurred "in 2011."

The parties agree that North Carolina's three-year statute of limitations applies. See generally N.C. Gen. Stat. § 1-52(1), (4); Dean v. Mattox, 250 N.C. 246, 251 (1959). The three-year limitations period begins to accrue "when the wrong is complete, even though the injured party did

6

not then know the wrong had been committed." Shepard v. Ocwen Fed. Bank, FSB, 172 N.C. App. 475, 478 (2005), aff'd 361 N.C. 137 (2006).

In the usual case, a motion to dismiss is an inappropriate vehicle through which to resolve an affirmative defense. Republican Party, 980 F.3d at 952; see also Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). However, a court may resolve an affirmative defense on a motion to dismiss if "all facts necessary to the affirmative defense 'clearly appear on the face of the complaint.'" Id. (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1997). Defendant bears the burden of proving its affirmative defense. See Phoenix Sav. & Loan, Inc. v. Aetna Cas. & Sur. Co., 427 F.2d 862, 870 (4th Cir. 1970).

The court must not grant defendants' motion to dismiss solely because plaintiff failed to anticipate defendants' affirmative defense. See Goodman, 494 F.3d at 466. ("If the defendants wished to dispose of the complaint . . . on the ground that their affirmative defense was evident in the complaint, they had to show that the plaintiff's potential rejoinder was *foreclosed on by the allegations in the complaint*."). In addition, construing the facts in the light most favorable to plaintiff, the court cannot conclude there are no dates in 2011 that fall within the limitations period.

In sum, defendant's motion to dismiss Count II is denied. Although plaintiff's unjust enrichment claim will proceed at this stage, the scope of plaintiff's claim potentially has limitations. If it is later determined that the cost of the FPI campaign was to be split pursuant to a contractual agreement, no recovery may be had under an unjust enrichment theory. Booe, 322 N.C. at 556 ("If there is a contract between the parties the contract governs the claim and the law will not imply a contract."). Even if no contract exists, in any event, plaintiff may not be entitled to recover any expenditures made from the date on which defendant refused to make payment, as all payments

7

toward the FPI campaign made thereafter may have been conferred officiously. See Britt, 320 N.C. at 577-78 ("[Plaintiff] would be acting officiously in making payments after she was told to leave.").

  **3. Count III - Breach of Contract.**

The court next turns to defendant's motion as it relates to Count III, plaintiff's breach of contract claim. A claim for breach of contract requires a plaintiff to show "the existence of a contract between plaintiff and defendant, the specific provisions breached, [t]he facts constituting the breach, and . . . damages resulting to plaintiff from such breach." Cantrell v. Woodhill Enters., Inc., 273 N.C. 490, 497 (1968); see also Morgan's Ferry Prods., LLC v. Rudd, 18 F. App'x 111, 112 (4th Cir. 2001) ("Under North Carolina law, a breach of contract claim must allege that a valid contract existed between the parties, state that defendant breached the terms thereof, explain the facts constituting the breach, and specify the damages resulting from such breach.").

A contract exists if there is "an agreement, upon sufficient consideration, to do or not to do a particular thing." Kurtzman v. Applied Analytical Indus., Inc., 347 N.C. 329, 336 (1997) (quotations omitted). To find this agreement, there must be an offer and acceptance of terms. Williams v. Jones, 322 N.C. 42, 48 (1988). The parties must also have a "meeting of the minds" such that they agree what the particular things to be done or not are. See id. at 438.

The complaint contains sufficient facts, taken in the light most favorable to the plaintiff, to state a claim for breach of contract. First, the complaint alleges the existence of a valid contract, as it states plaintiff and defendants negotiated the terms of the contract, including the amount defendants were to contribute to the FPI campaign. In addition, the parties allegedly agreed defendants would pay $750,000.00 toward the cost of the FPI campaign in exchange for release from liability. Finally, defendants allegedly agreed to the terms of the contract in a 2012 email.

8

Accordingly, plaintiff alleges the existence of a valid contract. In addition, plaintiff also alleges defendants breached the contract where plaintiff alleges defendants "ha[ve] refused to pay any of the cost" associated with the FPI campaign. Thus, plaintiff's breach of contract claim may proceed.

## CONCLUSION

For the foregoing reasons, the court DENIES defendants motion to dismiss the complaint for failure to state a claim on which relief may be granted, as it relates to Counts II and III. (DE 20). With respect to Counts I, IV, V, and VI, defendants' motion is moot, where plaintiff has voluntarily dismissed those claims. Stay is LIFTED. The parties are DIRECTED to confer and file with the court their Rule 26(f) joint report and plan within **21 days** of the date of this order.

SO ORDERED, this the 30th day of January, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge